UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BONITA POWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 1:18-CV-161-TLS |
| RESCARE, TINA KING, BRITTNEY, and TATE, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Plaintiff Bonita Powell, proceeding pro se, filed a Complaint [ECF No. 1] against four Defendants: Rescare, Tina King, Brittney (last name not listed) and Tate (last name not listed). She also filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she is GRANTED additional time to amend her Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S.

319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). However, a plaintiff's allegations must show that her entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Plaintiff has indicated that she brings her suit pursuant to the Americans with Disabilities Act (ADA). To state a claim under the ADA, a plaintiff must establish that (1) that she is disabled within the meaning of the ADA; (2) that she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) that she suffered an adverse employment action because of her disability. *See Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017). The Plaintiff here has alleged none of these elements. The entirety of her factual allegations are that she worked between January and March, she worked at the "other group home," there is some indication she wanted to work at both group homes, that someone didn't believe her, that she thinks she would still be working for the company, that she shouldn't have been harassed to work more hours by Brittney and Tate, and that her feelings were hurt by all of the individual defendants. These allegations do not state a plausible claim under the ADA.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until September 7, 2018, to file an amended complaint consistent with this Opinion and Order. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). Along with an amended Complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee. If the Plaintiff does not file an amended complaint by September 7, 2018, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1)     DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No.2];

(2)     DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1];

(3)     GRANTS the Plaintiff until September 7, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4)     CAUTIONS the Plaintiff that if she does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on August 3, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT