# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| BONITA POWELL, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CAUSE NO.: 1:18-CV-161-TLS |
| RESCARE, TINA KING, BRITTNEY, and TATE, | ) ) ) ) |
|     Defendants. | ) ) |

## OPINION AND ORDER

Plaintiff Bonita Powell, proceeding pro se, filed a Complaint [ECF No. 1] against four Defendants: Rescare, Tina King, Brittney (last name not listed) and Tate (last name not listed). She also filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. The Court denied the Plaintiff's original Motion, and dismissed her original Complaint, without prejudice, for failure to state a claim [ECF No. 3].

The Plaintiff has filed an Amended Complaint against the same Defendants, and a second Motion for Leave to Proceed in Forma Pauperis [ECF Nos. 4,5]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she is GRANTED additional time to amend her Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that her entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

In her Amended Complaint, the Plaintiff has not made the corrections the Court identified as necessary to state a claim. In this pleading, the Plaintiff does not identify the statute under which she has brought suit, so the Court presumes she still means to bring a claim under the Americans with Disabilities Act (ADA). However, to state a claim under the ADA, a plaintiff must establish that (1) she is disabled within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *See Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017). The Plaintiff here has, again, alleged none of these elements. Her factual allegations in the Amended Complaint are that (1) "Tina didn't respond to neither of us about the harassment," (2) "Tate harass me in going to another group home, as well as working more than I was suppose to," (3) "Brittney harass me in working more hours as well." The Plaintiff also states that she went into more details in the "other letters" because it is "really hard for me to just think about what happen to me," and that she "tried to stay with the company" but "had to quit."

These allegations do not state a claim under the ADA. In order to state a claim, the Plaintiff must allege facts that show: (1) that she has a disability, or was perceived as disabled by

3

her employer; (2) that she could nonetheless perform the job she was hired to do, perhaps with a reasonable accommodation; and (3) that nonetheless she suffered an adverse employment action, such as a demotion, termination, or meaningfully different treatment, as a result of her disability. The Plaintiff's current allegations do not provide the requisite information to state a claim under the ADA. Even if the Plaintiff alleges discrimination because of a protected status other than disability, she has not stated a claim, because she has not put the Defendants on notice of what that claim would be.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until October 25, 2018, to file a second amended complaint that contains sufficient facts to allow the court to draw the reasonable inference that the defendants are liable for a violation of federal law. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). Along with a second amended Complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee. If the Plaintiff does not file an amended complaint by October 25, 2018, or fails to state a claim on her third attempt, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 5];

(2) DISMISSES WITHOUT PREJUDICE the Amended Complaint [ECF No. 4];

(3)     GRANTS the Plaintiff until October 25, 2018, to file a second amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4)     CAUTIONS the Plaintiff that if she does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on September 25, 2018.

                                       s/ Theresa L. Springmann
                                      CHIEF JUDGE THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT