**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **BONITA POWELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No. 1:18-cv-00161-TLS-SLC** |
| | ) |
| **RESCARE,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion for an extension of time to file an amended complaint, filed by *pro se* Plaintiff Bonita Powell on November 7, 2018. (DE 7). Chief District Court Judge Springmann previously denied Plaintiff's motion to amend her complaint, and afforded her up to October 25, 2018, to file an amended complaint stating a claim for relief. (DE 6; *see generally* DE 3). Therefore, Plaintiff's motion is not timely.

Federal Rule of Civil Procedure 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is a somewhat "elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (emphasis omitted) (quoting *Pioneer*, 507 U.S. at 394). In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it

was within the reasonable control of the movant, and whether the movant acted in good faith."

*Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th

Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395); *see also Raymond v. Ameritech Corp.*, 442 F.3d

600, 606 (7th Cir. 2006).

Here, in an order dated September 25, 2018, Chief Judge Springmann dismissed

Plaintiff's complaint because it did not identify the statute under which she brought her suit, and,

assuming that she was bringing a cause of action under the Americans with Disabilities Act,

Plaintiff's complaint failed to state a claim. (DE 6 at 3). Chief Judge Springmann afforded

Plaintiff up to October 25, 2018, to file an amended complaint that properly pleads a claim for

relief and identifies a statute under which she brought her claim. (DE 6 at 3). Chief Judge

Springmann also warned Plaintiff that if she did not amend her complaint by October 25, 2018,

her case would be dismissed without further notice. (DE 6 at 4-5).

In the instant motion, Plaintiff does not explain why she missed the October 25, 2018,

deadline, and simply states that she "would like an extension concerning [her] case" because she

wants an individual to come forward with information regarding what she must do in her case.

(DE 7). Accordingly, Plaintiff has failed to establish a reason for delay and whether such reason

was within her reasonable control. *See Commodity Futures Trading Comm'n*, 646 F.3d at 404-

05 (7th Cir. 2011) (citations omitted). Moreover, to cure the errors in Plaintiff's complaint, as

identified by Chief Judge Springmann, Plaintiff need not information on what she must do in her

case (*see* DE 7); rather, she need only file an amended complaint stating a claim for which the

Court can grant relief. (*See* DE 6).

However, the length of the delay is minimal as Plaintiff's motion for an extension was

filed just 13 days after the deadline. *See Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-cv-21, 2011 WL 3290376, at *2 (N.D. Ind. July 14, 2011) (stating that the danger of prejudice was minimal when the response was filed 17 days after it was originally due). Further, there is no indication that Plaintiff acted in bad faith. *See Edwards-Brown v. Crete-Monee 201-U Sch. Dist.*, 491 F. App'x 744, 747 (7th Cir. 2012) ("Excusable neglect . . . covers unintentional omissions, such as missed filing deadlines; it does not apply to plaintiff's *deliberate* actions."); *Castillo v. Nurnberg*, No. 3:12-cv-525, 2014 WL 1607386, at *2 (N.D. Ind. Apr. 21, 2014) (finding excusable neglect where there was no suggestion of bad faith on the part of the attorney).

Therefore, being duly advised, and because the Court should freely give leave when justice so requires, Fed. R. Civ. P. 15(a)(2), the Court GRANTS Plaintiff's motion for an extension of time to file an amended complaint (DE 7), and affords her to and including November 19, 2018, to file an amended complaint.

SO ORDERED.

Entered this 9th day of November 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge