UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BONITA POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:18-CV-161-TLS |
| | ) |
| RESCARE, TINA KING, BRITTNEY, and TATE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Bonita Powell, proceeding pro se, has filed her second Amended Pro Se Complaint [ECF No. 9] against Defendant Rescare.[1] She also filed her third Motion for Leave to Proceed in Forma Pauperis [ECF No. 10]. For the reasons set forth below, the Plaintiff's Motion is DENIED, and the Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and

---

[1] Although previous complaints identified individual Defendants – Tina King, Brittney (last name not listed) and Tate (last name not listed) – the Plaintiff has not included the individual Defendants in the second Amended Complaint. Therefore, the Court terminated the individual Defendants.

second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Court has twice identified the deficiencies in the Plaintiff's Complaint, and provided her an opportunity to address them [ECF Nos. 3, 6]. Specifically, in her previous two Complaints the Plaintiff failed to allege any of the elements of her putative claims. The second Amended Complaint does not address these deficiencies. As in her first Complaint, the Plaintiff alleges only that she worked between January and March, she was forced to work at the "other group home," there is some indication she wanted to work at both group homes, that someone did not believe her, that she thinks she would still be working for the company, that she needs some understanding and her feelings were hurt. The second Amended Complaint adds only "putting more hours and duties on me." These allegations do not state a plausible claim under the ADA; in fact, they lack organization and coherence, requiring the Court to extrapolate and infer facts. Where a "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

"When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). "Leave to amend need not be granted, however, if it is clear that any amendment would be futile." *Id.* (citing *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994)). The Plaintiff has been given two opportunities to amend her complaint, and both have proven futile. Accordingly, the Court denies the Plaintiff's Motion to Proceed in Forma Pauperis and dismisses the second Amended Complaint with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE the second Amended Complaint [ECF No. 9] and DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 10].

SO ORDERED on December 3, 2018.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
